Drake, Oh. J.,
delivered the opinion of the court:
The only contested point in this case is the loyalty of the claimant, and that is disputed only on the alleged ground that on the 6th of November, 1861, at Savannah, Georgia, he voted for electors of president and vice-president of the so-called Confederate States of America.
The sole evidence relied upon to prove that he did so vote is a deposition of Levi S. Hart, taken on the 7th of January, 1868, .in the case of De Witt & Morgan v. The United States, to which is appended a paper which the said Hart says was “ one of the three original lists of that election,” and concerning which he makes the following statement:
“ As far as my knowledge goes, I believe this to be a correct list of those who voted at that election. Nobody’s name was put upon that list but those of parties who appeared and voted. The ballot had to be handed to one of the presiding officers, and part of the time, in my turn, I was one of those. ”
Upon cross-examination he said that he was not present at the polls during all the time they were open, but u was present off and on,” and that11 only a very small portion ” of the names on that list was in his handwriting.
No question was asked him in regard to the claimant in this case having voted at said election; but in the list is found written, “T. Nugent, Jr.”
Upon this evidence we'are asked to find that the claimant voted at that election, though it appears that in the examination of witnesses in this case in October, 1870, the government tried to prove the fact by them, and failed to do so, and though the evidence is sufficient to establish to our satisfaction the claimant’s consistent adherence to the government of the United States through the period of the rebellion.
Were the fact sufficiently established that he did, at said election, deposit a ballot in the ballot-box, it would not prove the contents of the ballot, and in the absence of such proof, we could not presume that it was a vote for electors of president and vice-president of the rebel Confederacy.
But, were it shown to have been such a vote, the question *308 would then arise wbetlier it was a -vote voluntarily given. The evidence has been so fully and so often before us of the violent state of rebel feeling in Savannah, in the year 1801, that we should, in the case of a man whose loyalty to the United States was otherwise proven, be disposed to presume such a vote to have been given under the stress of the surrounding pressure of traitorous and rebellious elements and circumstances, at least so far as to require some countervailing evidence of the voluntary character of the act. We think the claimant, even if shown to have given such a vote, entitled to the benefit of this presumption.
But are we authorized by the mere fact that the name u T. Nugent, Jr.,” appears in that list to find the fact to be that Terence Nugent, Jr., the claimant, was the person there meant, and that he did actually give the vote ? We think not. The names are not identical. T. Nugent, Jr., is not necessarily Terence Nugent, Jr., and the doubt in regard to identity should be solved in favor of the claimant, who is otherwise shown to have been loyal to the United States, and upon whom the government has failed to fix the act by any direct iiroof, though it made direct efforts to do so.
Upon the whole evidence, therefore, we' do not find that the claimant did vote at said election for electors of president and vice-president of the so-called Confederate States; and the case being on the other points sufficiently established, judgment will be rendered in his favor for $2,273 34.